ELIZABETH MORTON *vs.* LEONARD SWEETSER.

The pendency of another action for the same cause between the same parties in the same court cannot be taken advantage of in defence by a motion to dismiss.

The pendency of an action of replevin for the same property between the same parties can only be pleaded in abatement of a second action of replevin.

The dismissal of an action of replevin for informality in the replevin bond is no bar to a second action of replevin for the same property between the same parties.

REPLEVIN of a horse, commenced before a justice of the peace on the 26th of July 1864. The defendant was defaulted before the justice, and appealed to September term 1864 of the superior court. On the seventh day of the term he moved to dismiss, on the ground that another suit between the parties for the

Morton v. Sweetser.

same cause of action was pending in that court; and three days after filed an answer, entitled simply, " Answer; " beginning thus: " And now the defendant comes and for answer says that he denies each and every allegation in the plaintiff's writ and declaration; " denying the defendant's possession at the date of the replevin, and the plaintiff's property and right of possession; and concluding by alleging " that there is now pending another suit between the said parties concerning the same subject matter in the said court, and that during the pendency of said suit the above named suit cannot be maintained and the plaintiff has no cause of action thereon." *Vose,* J., on inspection of the record, being of opinion that another suit was so pending, ordered the present suit to be dismissed; and the plaintiff alleged exceptions.

*N. B. Bryant,* for the plaintiff.

*A. V. Lynde,* for the defendant.

COLT, J. The pendency of another action for the same cause between the same parties can be taken advantage of only by plea; and, as a general rule, only by plea in abatement. It is a defence which arises from matters which do not appear upon the face of the record, and it must be alleged by plea, that it may be traversed, put in issue and tried, if it is not admitted by demurrer.

A motion to dismiss the action can only be sustained for some matter apparent on the record. If upon the papers in the case there is no fact which can be disputed upon which the defendant relies, it is a proper case for a motion to dismiss. In *Nye* v. *Liscombe,* 21 Pick. 266, Shaw, C. J., says: " Where all the facts upon which the claim to have the process abated is founded appear by the record, including the return of the officer, of which the court will take notice without plea, there the action nay be dismissed on motion. In that case the motion is not intended to state new facts, but merely to bring to the attention of the court, and also to furnish notice to the other party, of those facts appearing on the record and return which of themselves are sufficient to show that the action cannot be properly proceeded in for want of due service, or other defect in the

proceedings." *Kittridge* v. *Bancroft,* 1 Met. 508. *Ammidown* v. *Peck,* 11 Met. 467. *Buffum* v. *Tilton,* 17 Pick. 510.

Applying these rules, it is plain that the court erred in ordering this action to be dismissed on motion. The pendency of another action was a fact outside the record in this case, which the defendant had a right to dispute. It would ordinarily be set-tled by the production of the record in the other case; but the plaintiff had the right to dispute the existence of such record, or, admitting its existence, to reply and prove, in answer to the defendant's plea, that the cause of action, though by the record apparently the same, was not so in fact. The course pursued deprived the plaintiff of the opportunity of showing that the property replevied was on the day of the commencement of the second action unlawfully held and detained by the defendant, and that a new cause of action had arisen against the defendant for such detention. *Walbridge* v. *Shaw,* 7 Cush. 560.

*Exceptions sustained.*

At the second trial in the superior court, before *Putnam,* J., two questions were submitted by agreement of parties to the jury, who found that the horse was the property of the plaintiff, and was in the possession or control of the defendant at the time of the service of the writ; and the parties agreed that the case, taking these facts as found, should be tried by the court.

It appeared in evidence that an action of replevin had been brought by the plaintiff against the defendant on the 29th of June 1864 for the same horse before the same magistrate, who dismissed that action for informality in the bond, but refused a return of the property; that the defendant appealed to the supe-rior court, which at September term 1865 rendered judgment, dismissing the action and ordering a return, on which execution was issued and was still unsatisfied. Upon these facts appear-ing by the records of the magistrate and of the superior court, the judge, on the plaintiff's motion, allowed that record of the magistrate to be recommitted to him for amendment; and the magistrate returned an amended record, showing that no appeal was ever taken from his judgment in this case, which record the

judge, against the objection of the defendant, allowed to be filed ; and upon this evidence found, as a fact, that there was no suit pending for the same cause of action when the present suit was commenced; and also found that the horse remained in the possession of the plaintiff after it was taken upon the first writ until the day of the service of the second writ, when, just before such service, it was returned to the defendant ; and upon all the facts thus found gave judgment for the plaintiff. The defendant alleged exceptions ; and the judge reported the whole case for the determination of this court, before which it was argued upon this report in January 1867 by the same counsel.

GRAY, J. The report of the judge who presided at the trial in the superior court submits the whole case to the determination of this court.

The pendency of a prior action between the same parties for the same cause must be pleaded in abatement, whenever, as in this case, it denies only the plaintiff's right to maintain the particular action ; and does not go to his whole title, as in the case of an action *qui tam*, which vests the property of the thing in action in the party who first sues for it, and so bars all title of any person who may afterwards bring a like suit for the same thing. 1 Chit. Pl. (6th Amer. ed.) 488. 3 Ib. 903. *Engle* v. *Nelson*, 1 Penn. 442. Matter in abatement, which only delays the right to sue by defeating the particular action, cannot be pleaded in the same plea or answer with matter in bar of all right of action ; but must be pleaded, if then existing, before answering to the merits ; else it is to be deemed to have been waived. Com. Dig. Abatement, I, 23. *Pratt* v. *Sanger*, 4 Gray, 88. Gen. Sts. *c.* 129, § 40. The answer in this action has nothing, in title or form, of a plea or answer in abatement; and all the other defences stated in it are matters pleadable in bar only. The defendant therefore could not under this answer, or under any amendment thereof, avail himself of the defence that a prior action was pending when this one was commenced.

The judgment for the defendant in the other action, not having been rendered upon the merits, but solely for informality in the replevin bond, is no bar to this suit. *Walbridge* v. *Shaw*, 7 Cush. 560.

It is therefore unnecessary to consider the validity or effect of the amendment of the magistrate's record in the other action after final judgment therein in the superior court.

*Judgment for the plaintiff.*